Submitted August 31, appeals dismissed as moot October 12, 2016

In the Matter of S. R. R.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

S. R. R.,
*Appellant.*

Washington County Circuit Court
J150190;
A161715 (Control), A161716

381 P3d 1111

Christa Obold Eshleman filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

The youth in this case was charged with conduct that, if a committed by an adult, would constitute third-degree assault. At that time, youth had already been made a ward of the court under the juvenile dependency code, so youth was subject to parallel proceedings in juvenile court—one under the dependency code and one under the delinquency statutes. The juvenile court found youth unfit to proceed in the delinquency proceeding and entered judgments in both proceedings that placed youth in the custody of the Oregon Youth Authority (OYA); later, the court entered orders in both proceedings that denied a motion to modify those judgment. Youth appeals the judgments and subsequent orders in both proceedings, and, in the appeal related to the dependency proceeding, also decided this day, we accepted the state's concession that the court lacked authority to grant custody of youth to OYA. Accordingly, we reversed the judgment and order that committed youth to OYA's custody. *Dept. of Human Services v. S. R. R.*, 281 Or App 619, 381 P3d 1111 (2016). In this consolidated appeal, related to the parallel delinquency proceeding, youth challenges the judgment and order placing her in the custody of OYA for the same reasons that she asserted in the dependency appeal.

The state asserts that we should dismiss this appeal for lack of jurisdiction because the judgment and order at issue are "preadjudication" orders that are not appealable. We need not address that potential jurisdictional question because this appeal has become moot given our disposition in *S. R. R. See Dept. of Human Services v. B. A.*, 263 Or App 675, 678, 330 P3d 47 (2014) ("A case is moot when it involves a matter that no longer is a controversy between the parties.").

Appeals dismissed as moot.